## CONNELLEE v. BLANTON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1913. Rehearing Denied Jan. 31, 1914.)

Costs (§ 279*)—Collection—Transcripts.
Rev. Civ. St. 1911, art. 2032, provides that it shall be lawful for clerks of the district court to demand payment of costs due in every pending case up to the adjournment of the term. Article 2033, provides that, should any person against whom costs have been taxed fail to pay the same, the clerk may make out a bill of costs and give it to the sheriff for collection, which bill shall have the effect of an execu-

tion; and article 2034 provides for the sale of property taken on a levy under the cost bill. Held, that as article 2031, providing that each party to a suit shall be liable for all costs incurred by him, refers only to costs accruing in the trial court, the clerk of the district court cannot before the disposition of the appeal collect costs for the furnishing of a transcript of the record to an appellant after the perfection of his appeal and the filing of a bond, as the action is no longer pending in the trial court, and an injunction restraining the sale of lands taken under levy on such cost bill should be made permanent.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1061–1071; Dec. Dig. § 279.*]

Appeal from District Court, Eastland County; W. W. Beall, Judge.

Suit by Thomas L. Blanton against C. U. Connellee. There was a judgment for plaintiff, and defendant appealed; the clerk of the court below furnishing a transcript of the record to be filed on appeal. On motion of clerk to vacate a temporary writ of injunction issued by the Court of Appeals to restrain the sale of defendant's land upon execution for the costs of the transcript. Motion denied, and injunction made permanent.

See, also, 163 S. W. 404.

D. G. Hunt, of Eastland, and J. J. Butts, of Cisco, for appellant. J. F. Cunningham, of Abilene, and Stephens & Miller, of Ft. Worth, for respondent.

DUNKLIN, J. C. U. Connellee, defendant in the trial court, perfected his appeal from a judgment adverse to him by giving a supersedeas bond in compliance with the statutes. After said bond was approved and filed, the clerk of the trial court furnished to appellant a transcript of the record to be filed in this court. He then issued an execution against appellant to collect the costs accruing to him for such transcript. That execution was placed in the hands of the sheriff and levied upon a tract of land belonging to appellant. On a former day at appellant's instance this court issued a temporary writ of injunction restraining the sale of the land and also restraining the issuance of any further execution for the collection of such costs pending this appeal, and directing that respondent be cited to show cause why such temporary writ should not be made final.

We are now called on to pass upon respondent's motion to dissolve such temporary writ. Article 2032, Revised Statutes 1911, reads: "It shall be lawful for the clerks of the district and county courts and justices of the peace to demand payment of all costs due in each and every case pending in their respective courts, up to the adjournment of each term of said courts." Article 2033 is as follows: "Should any party against whom costs have been taxed under the provisions of this chapter fail or refuse to pay the same within ten days after demand for payment, it shall be lawful for the clerk or justice of the

peace to make out a certified copy of the bill of costs then due, as herein provided for, and place the same in the hands of the sheriff or constable for collection; and such certified bill of costs shall have the force and effect of an execution. The removal of a case by appeals shall not prevent the district clerk, county clerk or justice of the peace from issuing his execution for costs at the end of the term at which the appeal is taken." Article 2034 provides that the bill of costs so issued may be levied upon property the same as an execution and that a sale under such levy should have the same effect as a sale under an execution.

In Wilson v. Simpson, 68 Tex. 306, 4 S. W. 839, land was levied upon and sold under a certified copy of a bill of costs made out by the clerk of the district court, which costs consisted wholly of costs incurred by reason of the proceedings in error from a judgment of the district court; but the plaintiffs in error did not prosecute the writ by filing the transcript in the Supreme Court. In that case our Supreme Court held that the sale of the land under that levy conveyed no title. In discussing the three preceding articles of the statute, then numbered 1420a, 1420b, 1420c, the court said: "We know of no rule that authorizes us to extend the operation of a summary remedy of this character beyond the clear import of the language of the statute. The bill of costs, by virtue of which the sale in question was made, was for fees which accrued after the end of the term 'at which the final judgment was entered, and which were incurred by reason of the suing out of a writ of error. The statute does not give such a bill of costs the force and effect of an execution, and hence the sale was unauthorized by law and was absolutely void."

Article 2031 reads: "Each party to a suit shall be liable for all costs incurred by him; and, in case the costs cannot be collected of the party against whom the same have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more." This article 2031 refers to costs accruing in the trial court only, and does not apply until after judgment is rendered for the costs for which execution may issue; and as the costs in controversy for the transcript to this court accrued after the appeal had been perfected and while the suit was no longer a case pending in the trial court, that fact, of itself, renders the three articles of the statute first mentioned inapplicable. We are cited to no article of the statute, and have found none, sustaining the action of the clerk in issuing the execution in question in advance of a final disposition of the appeal; and, in the absence of such a statute, that writ was void.

Accordingly, respondent's motion to dissolve the temporary writ heretofore issued by this court and noted above is overruled, and said writ is now here made final.