JANES et al. v. O'FIEL et al. (No. 763–4362.)

Commission of Appeals of Texas, Section A. Nov. 2, 1927.

Costs ⬉264—Supreme Court could not hear motion to retax costs to include transcript, where Court of Civil Appeals' aid was not first invoked (Rev. St. 1925, § 2238).

Where, after the Supreme Court had taxed costs, defendant in error presented his motion for retaxation thereof so as to include the fee of the trial court's official stenographer for making up and filing in that court a transcript of the evidence, as prescribed by Rev. St. 1925, § 2238, held, that the Supreme Court had no jurisdiction to hear the motion, in the absence of the record's showing that defendant in error had first invoked the aid of the Court of Civil Appeals on such question.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion to retax costs. Motion dismissed.

For main opinion, see 280 S. W. 163.

C. A. Lord, E. M. Chester, and E. E. Easterling, all of Beaumont, for plaintiffs in error.

David E. O'Fiel and Howth, Adams & Hart, all of Beaumont, for defendants in error.

HARVEY, P. J. On February 10, 1926, the Supreme Court affirmed the judgment of the Court of Civil Appeals in this cause. The defendant in error now presents in the Supreme Court a motion to retax the costs herein, seeking to have the clerk of this court tax, and collect as part of the costs herein, an item of $227, covering the fees of the official stenographer of the trial court for the making up and filing in that court, a transcript of the evidence in question and answer form, as prescribed by article 2238 of the Revised Civil Statutes of 1925. In support of his motion, he submits the affidavit of the official stenographer of the trial court and a certificate from the clerk of that court, purporting to show that the transcript of the evidence in the cause was duly made up and

filed as alleged, but through inadvertence the clerk of the trial court failed to include the fee therefor in the bill of costs sent up with the transcript on appeal to the Court of Civil Appeals.

We have examined the record in the cause, and find that no such cost item is certified therein, and that the matter presented in the motion of the defendant in error is presented now for the first time. Action in the matter, by the Court of Civil Appeals, has never been invoked, so far as disclosed by the record in the case, and no revision of the action of that court with respect to this alleged cost item is sought. The Supreme Court, therefore, has no jurisdiction to hear the motion. Irving v. Bank (Tex. Com. App.) 276 S. W. 899.

We recommend that the motion be dismissed.