## WILLIAMS v. CREIGHTON et al.

### No. 10842.

Court of Civil Appeals of Texas. San Antonio.

Jan. 8, 1941.

Rehearing Denied Feb. 5, 1941.

G. Woodson Morris and Tom H. King, both of San Antonio, and Tom Smiley, of Karnes City, for appellant.

Eskridge & Groce, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the District Court of Karnes County by Geral Williams, in the nature of a bill of review, against John Orde Creighton, Jr., and Mrs. Pauline Creighton, as joint executor and executrix of the estate of John Orde Creighton, deceased, and Mrs. Pauline Creighton, individually, seeking to set aside an order dismissing cause No. 4012, formerly on the docket of the District Court of Karnes County and styled Geral Williams v. J. O. Creighton, Mrs. J. O. Creighton and D. S. Abernathy.

A general demurrer to plaintiff's first amended original petition was sustained and upon his refusal to amend judgment was rendered dismissing the cause, and from this judgment Geral Williams has prosecuted this appeal.

Cause No. 4012 was a suit by Geral Williams against J. O. Creighton, Mrs. J. O. Creighton and D. S. Abernathy seeking to recover damages for personal injuries sustained by him as a result of a collision between two automobiles, one driven by Mrs. Creighton and the other by D. S. Abernathy. A trial of this case was had in the District Court and resulted in a judgment for the defendants. An appeal was taken by Geral Williams and the case was ultimately decided by the El Paso Court of Civil Appeals. The judgment of the trial court was affirmed insofar as D. S. Abernathy was concerned, but was reversed and the cause remanded insofar as the Creightons were concerned. The costs were adjudged against the Creightons. This decision was rendered on March 19, 1936, and is to be found in Vol. 93 S.W.2d beginning at page 195.

On February 9, 1936, just prior to the rendition of the decision, J. O. Creighton died and Mrs. Creighton and her son, J. O. Creighton, Jr., were appointed as joint executrix and executor of the estate. The costs were not paid within one year, a certificate to this effect was secured from the Clerk of the El Paso Court of Civil Appeals, filed in the trial court and a dismissal of the cause thereby obtained in accordance with the provisions of Article 1867, R.C.S.1925. Appellant points out that he did not have the money to pay the costs, being an indigent person, that he could not secure the issuing of the mandate without the payment of the costs in accordance with the provisions of Art. 1866, R.C.S.1925, because that article requires that the affidavit of inability to pay costs must be made by the party against whom the costs have been adjudged and they were not adjudged against appellant. He could not require the estate of J. O. Creighton, deceased, to pay such costs during the first year of its administration, Art. 3437, R.C.S.1925, and that Mrs. Creighton would not pay one-half of the costs until the estate payed the other one-half.

■ Appellant contends that this leaves him wronged without a remedy, contrary to the principles of equity, and that we should therefore hold invalid Art. 1867, R.C.S.1925, providing that the cause may be dismissed upon the filing in the trial court of a certificate that the costs were not paid within one year after final judgment in the Court of Civil Appeals. These provisions of the statutes were held to be valid in Watson v. Boswell, Tex.Civ.App., 73 S.W. 985, and we have no disposition to disagree with that decision, but, on the other hand, we are in thorough accord with it and therefore hold that said Art. 1867 is not unconstitutional.

■ Appellant also contends that regardless of the provisions of the various applicable statutes the trial court, as a matter of equity, should have set the judgment of dismissal aside and have given him a hearing upon the merits of his cause of action. We overrule this contention. In the first place the provisions of Art. 1867, supra, are mandatory, requiring that when the required certificate is filed in the trial court the cause must be dismissed, and in the second place appellant was guilty of laches in not filing his bill of review earlier. The cause was dismissed on the 6th day of January, 1938. Appellant knew of this action on September 9, 1938, and did not file his bill of review until July 24, 1939, more than ten (10) months after he knew his cause had been dismissed. Ruland et ux. v. Ley, Tex.Com.App., 144 S.W.2d 883, (not yet reported [in state report]); Osborn v. Younger, Tex.Com. App., 235 S.W. 558.

The judgment of the trial court is affirmed.