Dewitt PARKER et ux., Appellants,

v.

T. B. BAILEY, Appellee.

No. 6554.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 9, 1956.

Singleton & Trulove and Wayne Bagley, Amarillo, for appellants.

W. S. Birge, Amarillo, for appellee.

MARTIN, Justice.

On March 8, 1954, in Cause No. 6382 on the docket of this Court styled Bailey, appellant, v. Parker, appellee, the judgment of the trial court was reversed and the cause remanded to that court for proceedings under Rule 301, Vernon's Annotated Texas Rules of Civil Procedure. On the 9th day of December, 1954, the trial court again rendered judgment in favor of Dewitt Parker and wife.

In the original opinion of this Court dated March 8, 1954, judgment was rendered against appellee, Dewitt Parker, for the costs in the cause and such costs have not been paid to date. On the 10th day of March, 1955, the Clerk of this Court issued a certificate that no mandate had been issued in the cause. This certificate was filed in the trial court March 11, 1955. On March 11, 1955, T. B. Bailey filed with the trial court his motion to dismiss the cause predicated on Rule 445 of Vernon's Annotated Texas Rules. On May 10, 1955, the trial court set aside the judgment rendered on the 9th day of December, 1954 by a former judge of the court and dismissed Cause of Action No. 6382 from the docket under Rule 445, Vernon's Annotated Texas Rules. On the 11th day of May, 1955, the Clerk of this Court issued a certificate that appellee's motion for rehearing in Cause No. 6382, styled T. B. Bailey v. Dewitt Parker was overruled in said cause on April 12, 1954 and that no mandate had issued to the date of such certificate.

There are some discrepancies in the file dates of the various instruments but it is apparent that the judgment of dismissal of the trial court is sustained by the record. Rule 443, Vernon's Annotated Texas Rules, provides that the Clerk of the Court of Civil Appeals "shall not issue and deliver a mandate of the court nor certify the proceedings to the lower court until all costs accruing in the cause in such appellate court have been paid * * *." As hereinabove set forth, the costs of this Court as adjudged against appellant, Dewitt Parker, have not been paid. Rule 445, Vernon's Annotated Texas Rules, provides "In cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for rehearing is overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause is

pending that no mandate has been taken out, the case shall be dismissed from the docket." The requirement of the rule last quoted has been held to be mandatory and to require a dismissal of the cause in the absence of issuance of a mandate. Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co. of Texas, Tex.Civ., 32 S.W.2d 209, affirmed by the Supreme Court, 119 Tex. 455, 32 S.W.2d 822; Williams v. Creighton, Tex.Civ.App., 147 S.W.2d 274.

Hooper v. Courtney, Tex.Civ.App., 256 S.W.2d 462 and 258 S.W.2d 124, an opinion of this Court cited by appellant, although involving a like issue to that in the cause now on appeal, is not controlling here in that a mandate was duly issued following the rendition of the first opinion of this Court.

There was no error in the action of the trial court in setting aside the judgment of the trial court dated December 9, 1954 and in entering a dismissal of the cause of action. Appellant's points on such issue are overruled and the judgment of the trial court is affirmed.