P. T. WRIGHT, Sr., et al., Appellants,

v.

COUNTY OF DUVAL et al., Appellees.

No. 13601.

Court of Civil Appeals of Texas.

San Antonio.

March 3, 1960.

Rehearing Denied March 30, 1960.

Sidney P. Chandler, Corpus Christi, for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

PER CURIAM.

Appellees have filed a motion herein to dismiss this appeal because at the time the transcript was tendered to this Court it contained neither an appeal bond nor a certificate that a cash deposit had been made in lieu of an appeal bond. The appeal was from an order of the district court denying a temporary injunction to appellants. The order appealed from was filed on the 22d day of December, 1959, and, under the provisions of Rule 385, Texas Rules of Civil Procedure, appellants had twenty days within which to file an appeal bond and to file the record in this Court. The last day for filing was January 11, 1960. The transcript was tendered to the Clerk of this Court on January 11, 1960, and upon examination by the Clerk it was discovered that the transcript contained neither an appeal bond nor a certificate that a cash deposit had been made. When this matter was called to the attention of the attorney for appellants, he in turn called the attention of the Clerk to the fact that there was a bill of costs in the transcript showing that all costs of the court below had been paid or were covered by a cash deposit. The Clerk suggested that, nevertheless, there should be a certificate by the District Clerk showing that a cash deposit had been made. The next day the following certificate was presented to the Clerk of this Court, to-wit:

"No. 6935

| P. T. Wright, Sr. et al. | In The District Court |
| v. | of |
| County of Duval, et al. | Duval County, Texas. |

"Certificate of Costs Deposit.

"I, A. Salinas, Clerk of the District Court of Duval County, Texas, certify that, prior to and on the 9th day of January, 1960, P. T. Wright, Sr., et al., plaintiffs in the above entitled and numbered cause, made cash deposits equal to the estimated costs which deposits have paid all of the costs as evidenced by the bill of costs set out in

the transcript of the record previously made by me at the request of the appellants who are the plaintiffs in said case.

"Witness my hand and seal of office this the 12th day of January, 1960.

"A. Salinas, District Clerk

By S. Y. Canille
Deputy."

Upon receipt of this certificate the Clerk filed the record as of the date it was tendered to him, which was January 11, 1960. Thereafter, on February 12, 1960, appellees filed this motion to dismiss the appeal, which, of course, was filed more than thirty days after the filing of the record, and, under the provisions of Rules 404 and 405, T.R.C.P., appellees have waived all informalities and all defects with reference to the jurisdiction that can be waived.

Appellees first contend that under the provisions of Rule 385, T.R.C.P., an appeal bond is required where there is an appeal from an interlocutory order and that a cash deposit is not authorized. We overrule this contention. It is true that Rule 385 only mentions the filing of an appeal or supersedeas bond in such an appeal. However, the provisions of Rule 354, T.R.C.P., are general in their scope and authorize the making of a cash deposit in lieu of an appeal bond wherever an appeal bond is required.

Appellees next contend that the Clerk's certificate of a cash deposit in lieu of an appeal bond must be filed in the trial court within the twenty-day period and included in the transcript. We can not agree with this contention. The important thing is that appellant must make a cash deposit within twenty days, and Rule 354, supra, makes it the duty of the Clerk to file the certificate and place a copy of it in the transcript, and there is nothing in the Rule that would indicate that an appellant should lose his right of appeal because the Clerk failed to file a proper certificate.

Appellees next contend that it is the duty of the Clerk to make an estimate of the costs in the court below, in the Court of Civil Appeals, and in the Supreme Court, and that the deposit must be a sum equal to this estimate, less whatever costs have been paid, and that a cash deposit cannot properly be made until the clerk has made this estimate. Rule 354, supra, was amended on March 19, 1957, effective Sept. 1, 1957, and now reads, in part, as follows:

"* * * or in lieu of a bond, appellant may deposit with the Clerk cash equal to the estimated costs *in the court below,* less such sums as have been paid to the Clerk by appellant on the costs, and in that event the Clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript, and this shall have the force and effect of an appeal bond. As amended by order of March 19, 1957, effective Sept. 1, 1957." (Emphasis ours.)

Here we have a bill of costs, certified to by the Deputy Clerk of Duval County, showing that all costs in the court below have been paid, including the costs of the transcript and statement of facts. If this certificate is true, then appellant would not have been required to make any cash deposit whatever in order to appeal. No doubt the Clerk of the District Court should have made a certificate and included it in the transcript, showing that all costs had been paid in the court below, and that no cash deposit would be required in perfecting an appeal. However, this informality was waived by appellees in waiting more than thirty days to file their motion to dismiss. Lone Star Steel Co. v. Owens, Tex.Civ. App., 302 S.W.2d 213.

The motion is overruled.