**Paige B. BAYOUD, Appellant,**

v.

**H. R. NASSOUR, Jr., Appellee.**

**No. 7310.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 16, 1962.

Rehearing Denied Feb. 6, 1962.

James C. Tubb, Akin and Vial, Dallas, for appellant.

Waller M. Collie, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

DAVIS, Justice.

The opinion handed down in this case on September 26, 1961, is withdrawn and the following is substituted in lieu thereof.

Appellant-plaintiff, Dr. Paige B. Bayoud, sued appellee-defendant, Dr. H. R. Nassour, Jr., seeking to establish a joint venture between appellant and appellee, and seeking to establish a constructive or resulting trust as to the purchase of eighteen acres of land in Dallas County. Appellant also sought to show that appellant and appellee operated an office for the practice of medicine for a period of about six months and sought recovery of one-half of the expenses for said operation from the appellee. The appellee denied the existence of a joint venture with reference to the land. Appellee also denied the existence of any type of a joint venture arrangement with reference to the practice

of medicine during the six month period, denying liability for the expenses of the operation of the office, and by cross-action sought to recover the money that he had advanced to the appellant during the six month period, claiming said payments were made as loans or advances and not as part payment of joint expenses incurred in the operation of the medical office.

The appellant alleged the existence of the joint venture, the agreement to purchase the land in the name of appellee, and that appellant would pay off and discharge one-half of any money paid for the land and offered to assume joint responsibility with the appellee.

From the evidence in the case, appellee was practicing medicine in Hamilton, Texas, in 1954, and prior thereto. Both the appellant and the appellee are of Lebanese descent. The appellee was born and reared in this country and the appellant came here in 1946. In July, 1954, a Dr. Gebara, of Lebanese descent, was with appellant and they were in New York City. Dr. Gebara was acquainted with the appellee and placed a long distance call to him. Through this call, the appellee and appellant first met. The appellant came to Texas with the idea in mind of practicing medicine at Pasadena, Texas. After meeting appellee in Hamilton, quite a friendship culminated between the appellant and the appellee. In 1954, the appellant began practicing medicine in Dallas as the result of some form of agreement between appellant and the appellee. Thereafter, the appellee sold or gave away his hospital in Hamilton and bought a hospital in Garland, Texas, and the appellant and appellee entered into a partnership agreement and practiced medicine in Garland for some time. From the very beginning of the acquaintanceship of the appellant and appellee, there was some idea that a hospital and clinic would be built by them in Dallas, Texas. During the entire time of their acquaintanceship, they were looking for a tract of land upon which to build a hospital and clinic. There was offered in evidence an instrument in writing whereby the appellant and the appellee were going to purchase one tract of land jointly. The appellant testified that another instrument had been executed between the appellant and appellee, but it was lost. The appellant swore that he found the eighteen acres of land that was purchased in 1956 and contacted the appellee about the same. The appellee admitted in his testimony that the appellant had helped him look for property. The appellee admitted that the appellant had gone with him to look at the property, and he said that the appellant liked it. An agreement was made to buy the property for a price of about $35,000.00. The property was bought in the name of the appellee. He paid $5,000 down upon the property, and then paid an additional $10,000. They began to try to finance the building of a hospital and clinic upon the property. They decided to try to get one-half of the eighteen acres of land released from the lien. The appellant paid the sum of $5,-000.00 to get one-half of the property released.

A corporation was formed, and their relationship was so close that the appellant and the appellee both received the same number of shares in the corporation. One-half of the land was transferred to the corporation by the appellee. Each of the parties was issued 900 shares of stock at a supposed price of $10.00 per share, but no money or property was transferred for the issuance of the stock. One share was issued to an attorney, and the attorney later transferred the one share to the appellee.

The appellant also sued the appellee for damages to property that he had in the hospital at the time of the disagreement, and the trial court severed that from the main trial of the case and agreed to try it separately.

At the conclusion of the evidence offered by the appellant, the trial court granted appellee's motion for an instructed verdict against the appellant on the land on the theory that the conveyance of the land to the appellee with the agreement that it be

conveyed to him in his name constituted an expressed trust. The Texas Trust Act, Art. 7425b–7, has no application to the case at bar under the pleadings and the evidence. Under the pleading and evidence the only trust involved would be a constructive or resulting trust. See the cases hereinafter cited.

The case was tried before a jury. The jury returned a verdict in favor of the appellee according to some stipulations before the court to the effect that the appellee had loaned the appellant the sum of $3,-543.32 during the alleged partnership.

The trial court entered a judgment that the appellant take nothing *as to all or any part of the land,* and that the appellee recover from the appellant $3,543.32.

The appellant brings forward five points of error. Under the pleadings and the evidence, the trial court committed an error in granting the instructed verdict. Because of the relationship of trust and confidence that had been created between the appellant and the appellee, the trial court should have submitted issues to the jury on the question of whether or not a constructive or resulting trust was created as to the land. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Omohundro v. Matthews, Jr. et al., 161 Tex. 367, 341 S.W.2d 401; Holland v. Lesesne, Tex.Civ.App., 350 S.W.2d 859.

There was some conflicting testimony about the $5,000 which was paid by the appellant to secure the release of the lien on one-half of the property. For the reasons stated by Judge Smedley in Morrison v. Farmer, 147 Tex. 122, 213 S.W.2d 813, we think it appropriate to reverse the entire judgment of the trial court and remand the cause for a new trial. In the event the jury should find that such money was paid to release the judgment and not as part of the purchase price of the property, the appellant can, by appropriate pleadings, secure relief for the $5,000.00 that he paid.

The judgment of the trial court is reversed and the cause is remanded.