**J. O. BOOTHE, Appellant,**

v.

**Harry H. SCHULTZ et al., Appellees.**

No. 7302.

Court of Civil Appeals of Texas.

Amarillo.

May 13, 1963.

Rehearing Denied June 10, 1963.

Splawn & Maner, Lubbock, for petitioner.

Culton, Morgan, Britain & White, Amarillo, Cowsert & Bybee, Hereford, for respondents.

NORTHCUTT, Justice.

Delmar Durrett filed suit in the District Court of Deaf Smith County, Texas,. against J. O. Boothe, G. W. Simmons, E. A.. Edwards, and J. G. Evans on a promissory note styled Delmar Durrett v. G. W. Simmons, et al., No. 4249 on the docket of the District Court of Deaf Smith County, Texas, and J. O. Boothe filed a cross action in said case against the said Delmar Durrett,. G. W. Simmons, E. A. Edwards, and J. G..

Evans. The District Court of Deaf Smith County, Texas, entered judgment by default in favor of Delmar Durrett, plaintiff, against J. O. Boothe. G. W. Simmons, E. A. Edwards, and J. G. Evans on said note and dismissed the cross action of the said J. O. Boothe for want of prosecution.

Thereafter this court reversed and remanded said case; whereupon, Delmar Durrett, G. W. Simmons, E. A. Edwards, and J. G. Evans filed an application for writ of error in the Supreme Court of the State of Texas, and the Supreme Court of the State of Texas denied such application for writ of error, and in May of 1961 overruled the motion for rehearing on said application for writ of error.

No mandate has ever been issued by this court in said cause. The clerk of this court executed and issued a certificate on March 5, 1963, reciting that this court reversed and remanded this case on December 12, 1960, and that no mandate was taken out in said cause which certificate was filed in the District Court of Deaf Smith County, Texas, on March 6, 1963. Prior to the filing of the certificate issued by the clerk of this court, the trial court had dismissed Boothe's cross action for the want of prosecution; but after the certificate of the clerk was filed in the District Court in Cause No. 4249 showing no mandate had been issued, the trial judge took further action as hereafter stated.

On April 3, 1963, the Honorable Harry H. Schultz, District Judge of Deaf Smith County, Texas, entered an order dismissing said Cause No. 4249 under Rule 445 of the Texas Rules of Civil Procedure, which order reads as follows:

"No. 4249

| | |
|---|---|
| Delmar Durrett,<br>Plaintiff<br>vs.<br>G. W. Simmons, et al,<br>Defendants | In the 69th Judicial<br>District Court in and<br>for Deaf Smith County, Texas<br>Dated: April 3, 1963 |

### Order Of Dismissal

It appearing to the Court that final judgment entered in this cause was appealed to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, as cause number 7006 on the docket of said Court, and the Court of Civil Appeals reversed and remanded this cause; and thereafter, a Petition For Writ of Error to the Supreme Court of Texas was denied, and a Motion For Rehearing on said Petition For Writ of Error was overruled on May 1, 1961; and it further appearing to the Court that no Mandate was taken out and filed in this Court within one year after said Motion For Rehearing was overruled by the Supreme Court of Texas, as required by Rule 445 of the Rules of Civil Procedure of the State of Texas; it further appearing to the Court that a certificate of Elmo Payne, Clerk of said Court of Civil Appeals, dated March 5, 1963, was filed herein on March 6, 1963, reciting that this cause was reversed and remanded by said Court of Civil Appeals on December 12, 1960, and that no Mandate has been taken out in said cause;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this cause be, and the same is hereby dismissed from the docket, pursuant to said Rule 445.

/s/ Harry H. Schultz
Judge of the District
Court of Deaf Smith
County, Texas"

On March 9, 1963, J. O. Boothe filed in this court his motion for leave to file petition for mandamus and such request was granted by this court. In Boothe's petition for writ of mandamus, he requested that on hearing of such writ that mandamus issue ordering and commanding Judge Schultz to expunge from the records of the District Court of Deaf Smith County, Texas, in Cause No. 4249 an order of dismissal and that said Cause be transferred from the District Court of Deaf Smith County to the District Court of another judge in order that J. O. Boothe might have a trial on his cross action and the action filed against him by respondent, Durrett.

We are of the opinion, and so hold, that the judgment of dismissal by the trial court is sustained by the record. Rule 443, Texas Rules of Civil Procedure, provides as follows:

"On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court nor certify the proceedings to the lower court until all costs accruing in the case in such appellate court have been paid, subject to the provisions of Rule 444."

Rule 444 concerns the making of affidavit of inability to pay the cost or give security therefor. The costs were not all paid on the original appeal here referred to. Rule 445, Texas Rules of Civil Procedure provides:

"In cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after motion for rehearing is overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

It is to be noticed that said rule provides that the case *shall* be dismissed and does not say *may* be dismissed. The requirement of the rule last quoted has been held to be mandatory and to require a dismissal of the cause in the absence of the issuance of a mandate. Parker v. Bailey, Tex.Civ.App., 286 S.W.2d 651; Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co. of Texas, Tex.Civ.App., 32 S.W.2d 209, affirmed by the Supreme Court in 119 Tex. 455, 32 S.W. 2d 822; Williams v. Creighton, Tex.Civ. App., 147 S.W.2d 274.

Neither of the parties in the former appeal here and above mentioned ever at any time took the proper steps to have the mandate issued and filed in the District Court of Deaf Smith County, Texas, and when the clerk of this court issued a certificate showing that no mandate had been issued within the time required and such certificate was filed in said Cause No. 4249 of the District Court of Deaf Smith County, Texas, the trial judge had no other alternative than to dismiss the case, which he did.

Application for writ of mandamus is here denied.