**Paige B. BAYOUD, Appellant,**

v.

**H. R. NASSOUR, Jr., Appellee.**

**No. 16793.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 7, 1966.

Rehearing Denied Nov. 4, 1966.

Akin, Vial, Hamilton, Koch & Tubb and James C. Tubb, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., and Waller M. Collie, Jr., Dallas, for appellee.

DIXON, Chief Justice.

This appeal calls for the proper construction and application of Rules 443–448, Vernon's Texas Rules of Civil Procedure, especially Rule 445.

In 1962 a judgment for $3,543.32 in favor of Dr. Nassour, appellee here was reversed by the Texarkana Court of Civil Appeals and the cause remanded for another trial. Bayoud v. Nassour, 353 S.W.2d 331. Dr. Bayoud's application for writ of error was "Refused n. r. e.", and the judgment of reversal became final when the Supreme Court of Texas overruled a motion for rehearing on January 16, 1963.

A mandate was not issued within a year thereafter. The record discloses that on April 29, 1963 appellant Bayoud wrote to the Clerk of the Court of Civil Appeals requesting issuance of the mandate. But on May 1, 1963 the Clerk replied that mandate could not issue because there were unpaid costs—items of $55.00 and $2.25 representing the cost of the Transcript and the cost

of filing a cash deposit in lieu of an appeal bond. Rule 443, T.R.C.P.

On April 11, 1964 pursuant to Rule 445 the Clerk of the Court of Civil Appeals certified that no mandate had been issued within twelve months after the date of final judgment. The Clerk's certificate was filed in the district court on April 13, 1964.

Subsequent to his letter of April 29, 1963, no further action was taken by appellant Bayoud until December 21, 1964 when he again asked the Clerk of the Court of Civil Appeals to issue a mandate. The Clerk again declined to issue the mandate.

On March 18, 1965 appellant paid the cost items totaling $57.25 and again asked for a mandate.

By letter dated March 20, 1965 the Clerk replied, declining to issue the mandate though the payment of the above item completed payment of all the costs on appeal.

However, on March 25, 1965, upon further request by appellant, the Clerk changed her mind and the mandate was issued. On the same date the Clerk of the Court of Civil Appeals sent the Court's check for $57.25 to the District Clerk of Dallas County in payment of the cost of the Transcript and the cost of filing the cash deposit in lieu of a bond.

By *nunc pro tunc* judgment signed April 26, 1966 the trial court as of February 3, 1966 dismissed the pending suit pursuant to Rule 445, T.R.C.P.

In his first and third points on appeal appellant contends that the items totaling $57.25 representing the cost of the Transcript and the cost of filing and approving the cash deposit in lieu of a bond were not costs accruing in the Court of Civil Appeals; and since he had paid all other costs he had in fact complied with the requirement of Rule 443, T.R.C.P. that "all costs accruing * * * in such ap-

pellate court" must be paid before a mandate may issue.

■ We cannot agree. The cost of the Transcript is part of the cost of the appeal. Following a reversal and remand of a cause of action, the costs accruing in the Court of Civil Appeals, which costs must be paid before the mandate may issue, include the cost of the Transcript. It is in effect so provided in the "Order of Supreme Court Interpreting Rule 388–a" as set out in Vernon's Annotated Texas Rules of Civil Procedure in the volume covering Rules 352 to 736 at pages 193–195. See Rule 448, T.R.C.P.; also Connellee v. Blanton, Tex.Civ.App., 163 S.W. 407 (writ ref.); Baker v. Guinn, Tex.Civ.App., 25 S.W. 141 (no writ hist.); North v. Atlas Brick Co., Tex.Com.App., 16 S.W.2d 519 (no writ hist.).

The cost of a Statement of Facts is not involved in the present controversy. However, we believe that the rule applicable to the cost of a Statement of Facts is also applicable to the cost of the Transcript. And it has been held that the cost of a Statement of Facts is properly chargeable as part of the costs of appeal. Southland Life Ins. Co. v. Statler, 141 Tex. 110, 170 S.W.2d 714 (Tex.S.Ct.); Reaugh v. McCollum Exploration Co., 140 Tex. 322, 167 S.W.2d 727; Janes v. O'Fiel, 299 S.W. 640 (Tex.Com.App.); Irving v. Ft. Worth State Bank, 276 S.W. 899 (Tex.App.). Appellant's first and third points are overruled.

In four other points on appeal appellant in substance contends that under the circumstances presented in this case he has made a substantial compliance with the rule and it was therefore error for the Clerk of the Court of Civil Appeals to withhold the issuance of the mandate when appellant requested its issuance in April 1963.

The circumstances relied on by appellant are as follows: at the time of perfecting

the original appeal appellant, on September 17, 1960, deposited the sum of $300.00 as a cash deposit in lieu of a bond on appeal; thereafter on October 17, 1960 he deposited the sum of $25.00 with the Clerk of the Court of Civil Appeals, as required by Rule 388–A, T.R.C.P.; prior to January 16, 1963 he had already paid to the District Clerk of Dallas County the sum of $257.37 which was in addition to the $300.00 cash deposit made when the appeal was perfected; when he paid the cost of the Transcript of $55.00 and the filing fee of $2.25 for the filing of the cash bond, the money was immediately paid by the Clerk of the Court of Civil Appeals to the District Clerk of Dallas County. Since his cash deposit of $300.00 was ample to secure the above cost items of $55.00 and $2.25 appellant argues that it would be a vain thing to say that he had not substantially complied with Rule 443, T.R.C.P.

■ Whatever may be said in favor of appellant's contention, our courts have repeatedly held that Rules 443 and 445, T.R.C.P. are mandatory and require a dismissal of the case in the absence of the issuance of a mandate within the twelve months' period. The filing of an appeal bond, or a deposit of cash in lieu of a bond, is not the payment of the costs. It is only security for payment of the costs, and does not constitute a compliance with Rule 443, T.R.C.P. Boothe v. Schultz, Tex.Civ.App., 371 S.W.2d 88 (no writ hist.); Parker v. Bailey, Tex.Civ.App., 286 S.W.2d 651 (no writ hist.); Miller's Indemnity Underwriters v. Hughes, Tex.Civ.App., 268 S.W. 974 (no writ hist.); Williams v. Creighton, Tex.Civ.App., 147 S.W.2d 274 (dis. judg. correct); Davy Burnt Clay Ballast Co. v. St. Louis SW. Ry. Co., Tex.Civ.App., 32 S.W.2d 209, (writ ref., 119 Tex. 455, 32 S.W.2d 822); Pevito v. Southern Gas & Gasoline Engine Co., Tex.Civ.App., 187 S.W. 1009 (no writ hist.); Watson v. Boswell, Tex.Civ.App., 73 S.W. 985 (no writ hist.); Watson v. Mirike, Tex.Civ.App., 73 S.W. 986 (writ ref.); Scales v. Marshall, 96 Tex. 140, 70 S.W. 945 (Tex. S.Ct.).

In the Scales, Davy Burnt Clay and Watson cases, as in this case, the Clerks of the Courts of Civil Appeals had issued a mandate after the expiration of the twelve months' period. Nevertheless, it was held proper to dismiss the suit in the trial court.

Among the cases cited by appellant are Wright v. Duval, Tex.Civ.App., 333 S.W. 2d 433 (no writ hist.) and Rittenberry v. Capitol Hotel Co., Tex.Civ.App., 69 S.W. 2d 491 (writ ref.). Neither of the above cases is in point here.

In the Wright case appellees sought to have the appeal dismissed because the Transcript did not show that an appeal bond had been filed or a cash deposit made in lieu of a bond. It was an appeal from an interlocutory order and the appellate court held that an appeal bond was not necessary because appellant had actually made a cash deposit in lieu of a bond as was shown by a belated certificate of the district clerk.

In the Rittenberry case appellant had filed his affidavit of inability to pay costs, pursuant to Rule 444, T.R.C.P., and had requested a mandate within the twelve months' period. The Court of Civil Appeals had ordered the Clerk to issue the mandate. There was still about a month's time before the twelve-month period would expire. But the Clerk was inadvertently one day late in actually issuing the mandate. It was held that appellant had done everything possible to entitle him to issuance of the mandate. The fault lay wholly with the Court of Civil Appeals. The court refused to dismiss the case.

We overrule appellant's second, fourth, fifth and sixth points.

The judgment of the trial court is affirmed.

Affirmed.