ACCEPTED
14-14-00175
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 3:06:49 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00175-CV

## IN THE COURT OF APPEALS
## FOURTEENTH DISTRICT OF TEXAS
## HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
2/19/2015 3:06:49 PM
CHRISTOPHER A. PRINE
Clerk

---

**J. M. ARPAD LAMELL**, *Appellant*

"Lamell"

*v.*

**ONEWEST BANK, FSB**, *Appellee*

"OneWest"

---

## MOTION TO REDUCE SUPERSEDEAS SECURITY

---

**February 19, 2015**

**J M ARPAD LAMELL**, *pro se*
5131 Glenmeadow Drive
Houston, TX 77096
lamell@alum.mit.edu
(713) 857 2483
*Appellant*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................... ii

**KEY TO RECORD REFERENCES**.................................................................. iii

**TABLE OF AUTHORITIES**............................................................................ iv

**I. BACKGROUND FACTS** ............................................................................ 1

**II. ARGUMENT AND AUTHORITY** ............................................................ 4

    A. Take Nothing Judgment Granted No Damages or Other Affirmative Relief ............................................................................................................. 4

    B. This Court May Review Amount of Supersedeas Security .................... 5

    C. A Supersedeas Bond is Inextricably Founded in a Cause of Action........ 5

    D. Lamell's Supersedeas Security was Cash Posted in Lieu of Bond .......... 6

    E. No Performance to Secure ..................................................................... 6

    F. Posted Cash in Lieu is for Security; Is Not an Award ........................... 7

**III. CONCLUSION**......................................................................................... 7

**PRAYER** ....................................................................................................... 8

**CERTIFICATE OF SERVICE**........................................................................ 9

**EXHIBITS** .....................................................................................................10

# KEY TO RECORD REFERENCES

## Naming Conventions

*Code name in Motion  = <u>FILENAME OF COA DIGITAL FILE</u>, page range,*

*record references in document are formatted as follows:*  **[KEY:p. # - p. #]**


*Clerk's Record References*

<u>KEY</u>                       <u>long-form filename</u> *as submitted to COA*
                            **"*Title*"** date filed with COA


**CLK**        =        <u>CLK REC (01 OF 01) FLD 053112.pdf</u> – pgs 001– 212
                            *"Clerk's Record - Volume I"* transferred from 14-12-
                             00412-CV and filed March 25, 2014


**CR**          =        <u>CR (01 OF 01) FLD 043014.pdf</u> – pgs 001– 755
                            *"Original Clerk's Record"* filed April 30, 2014


**CR-SUP**    =        <u>CR SUP (01 OF 01) FLD 063014.pdf</u> – pgs 01– 78
                            *"1st Supplemental Clerk's Record"* filed June 30, 2014


**CR-SUPP**  =        <u>CR SUPP (01 OF 01) FLD 092214.pdf</u>  pgs 01– 59
                            *"3rd Supplemental Clerk's Record"* filed Sept 22,  2014


**CR-SUP4**  =        <u>CR FOURTH SUP FLD 021115.pdf</u>   pgs 01-64
                            *"4th Supplemental Clerk's Record"* filed Feb 11, 2015

# TABLE OF AUTHORITIES

*Cases*

*Bayoud v. Nassour*,
408 S.W.2d 344 (Tex.Civ.App., Dallas, 1966, writ ref. n. r. e.) ......................... 7

*Casray Oil Corporation v. Royal Indemnity Co.*,
165 S.W.2d 244 (Tex.Civ.App., Galveston, 1942), *affirmed*
141 Tex. 33, 169 S.W.2d 955 (1943) ................................................................ 6

*City of Athens, Texas v. Gulf States Telephone Co.*,
374 S.W.2d 757 (Tex.Civ.App., Tyler, 1964, no writ)) ..................................... 6

*GM Houser, Inc. v. Rodgers*,
204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.) ................................... 4

*LMC Complete Automotive, Inc. v. Burke*,
229 SW 3d 469, 483 (Tex. App. —Houston [1st Dist.] 2007, pet. denied) ......... 5

*Mea v. Mea*,
464 S.W. 2d 201, 208 (Tex.App.—Tyler 1975, no writ) ................................... 7

*Reyes v. Credit Based Asset Servicing*,
190 S.W.3d 736, 741-2 (Tex. App.—San Antonio 2005, no pet.),
concurring J. Duncan ........................................................................................ 7

*Robertson v. Land*,
519 S.W.2d 227, 228 (Tex. App.—Tyler 1975, no writ) ................................... 6

*Statutes*

TEX. CIV. PRAC. & REM. CODE §52.001 ............................................................. 6
TEX. CIV. PRAC. & REM. CODE §52.006 .......................................................1, 4, 5
TEX. CIV. PRAC. & REM. CODE §52.006(d) ......................................................1, 5

*Rules*

TEX. R. APP. P. 24.1(d) ...................................................................................6, 8
TEX. R. APP. P. 24.1(d)(3) ..............................................................................6, 8
TEX. R. APP. P. 24.2(a)(2) ................................................................................. 6
TEX. R. APP. P. 24.4(a) ..................................................................................... 6

TO THE HONORABLE COURT OF APPEALS:

Comes now Appellant J. M. ARPAD LAMELL ("Lamell") requesting, pursuant to TEX. R. APP. P. 24.4(a) and TEX. CIV. PRAC. & REM. CODE §52.006(d), that this Court review the excessiveness of and reduce the amount of the Supersedeas Bond set by the trail court in its *Order Setting Supersedeas Bond Amount Pending Appeal*. As grounds therefore Lamell would show as follows:

## I. BACKGROUND FACTS

Lamell filed his *Plaintiff's Amended 2009 Petition* against Appellee/Defendant OneWest Bank, FSB ("OneWest") on May 3, 2010 [CLK:63-118]. OneWest answered on May 28, 2010 with *Defendant's Original Answer* offering only a general denial and raising no counterclaims or other claims for affirmative relief [CLK:119-120]. OneWest has never amended or supplemented its *Defendant's Original Answer* since.

On February 27, 2012 Lamell filed his *Plaintiff's Application for Temporary Restraining Order* to restrain OneWest from proceeding with non-judicial foreclosure sale of his property pending adjudication and final determination of his suit against OneWest.

On February 28, 2012 Lamell's *Plaintiff's Application for Temporary Restraining Order* was granted setting a Temporary Injunction hearing for March

9, 2012 [CLK:129-131].

On April 10, 2012, the trial court issued its *Order Denying Plaintiff's Application for Temporary Injunction* [CLK:191].

In respect of the court's April 10, 2012 order, Lamell filed his *Notice of Accelerated Appeal* on April 30, 2012.

On May 16, 2012, Lamell filed his *Motion to Stay Enforcement of Order Denying Injunctive Relief or Alternatively set Supersedeas Bond Amount Pending Appeal* [CR-SUP:3-9].

On May 24, 2012, OneWest filed its *Defendant's Response to Plaintiff's Motion to Stay Enforcement of Order Denying Injunctive Relief, or Alternatively, set Supersedeas Bond Amount Pending Appeal* [CR-SUP:10-17].

On May 31, 2012 the trial court issued its *Order Setting Supersedeas Bond Amount Pending Appeal* [CR-SUP:21-2] to "supercede and stay enforcement" of its April 10, 2012 *Order Denying Plaintiff's Application for Temporary Injunction*. In connection with this order, Lamell was directed to file a "good and sufficient bond" in a schedule of payments totaling $31,209.76.[1]

Lamell subsequently paid into the registry of the Court cash deposits in lieu

---

[1] The order calls for an initial payment of $15,679.00 on or before June 1, 2012, followed by 9 monthly payments of $1,735.64 ending in a final payment on or before March 1, 2013

of Supersedeas Bond totaling $31,309.76.[2]

On April 12, 2013, the court signed its <u>interlocutory</u> *Order Granting Defendant OneWest's Traditional and No Evidence Motion for Summary Judgment* [SUP-CLK:3].[3]

On November 19, 2013 OneWest filed its *Third Motion to Authorize Release of Bond to Defendant OneWest* [CR-SUP:53-70]. Lamell filed his *Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* on January 31, 2014 ("*Opposition*"). Lamell's *Opposition* identified that OneWest's request was unsupported by any evidence, by its pleadings, by the rules, and by the court's judgment. [CR-SUPP:38-49].[4]

The court's former interlocutory summary judgment order was replaced on

---

[2] Amount shown is exclusive of accrued interest. See *Clerk's Certificates of Deposit in lieu of Supersedeas Bond* in "*4th Supplemental Clerk's Record*" [CR-SUP4:3-42]. Upon filing of *4th Supplemental Clerk's Record* (filed Feb 11, 2015), certificates for the months of August 2013 and December 2013 were erroneously omitted. Request for correction on an expedited priority basis has been made. It is hoped that the missing certificates will be added to the Court record prior to submission.

[3] The court's order was interlocutory only because Lamell's claims against Harris County Tax Assessor were still outstanding and had not yet been disposed of.

[4] The indicated record reference points to the first page of Lamell's *Opposition* which shows a filing date of September 10, 2014. This date does not reflect the true and correct filing date of January 31, 2014. This discrepancy was resolved by Lamell's *Motion to Re-establish Lost Filing* [CR-SUP4:43-58]. The court's order approving said motion - *Order to Re-establish Lost Filing* - is attached hereto as Exhibit "A." Though request in writing has been made to include this order in the clerk's most recent supplement (as shown in the record [CR-SUP4:59]), this order was nonetheless erroneously *omitted* and does not currently appear in the *4th Supplemental Clerk's Record*. Correction has been requested on an expedited, priority basis. It is hoped the missing document will be included in the record prior to submission.

January 31, 2014 by its final and appealable *Modified Order Granting Summary Judgment and Final Judgment* in Case No. 2010-11491 (Exhibit "B"). The court's take-nothing order/final judgment contained clear and specific notation as follows: "This Order disposes of all parties and all claims and is appealable" [CR:716-7] (emphasis added). The court's order did not award any money damages or property to OneWest.

The trial court's *Order Granting OneWest Bank FSB's Third Motion to Authorize Release of Bond* of January 31, 2014 has become an issue within Lamell's present appeal before this Court as addressed in *Appellant's Brief*, pgs.65-71 and in *Appellant's Supplemental Brief*, pgs. 2-9.

Lamell's appeal is set for submission on Tuesday, February 24, 2015.

## II. ARGUMENT AND AUTHORITY

A. Take Nothing Judgment Granted No Damages or Other Affirmative Relief

"When a judgment is for money, the amount of the security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." *GM Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.) (citing TEX. CIV. PRAC. & REM. CODE §52.006; TEX. R. APP. P. 24.2(a)(1)).

Other provisions of the Rule provide the basis for supersedeas security when judgment awards *property* to an appellee. TEX. R. APP. P. 24.2(a)(2). In this matter however, the court's final, take-nothing, judgment contained no award for the recovery of an interest in real or personal property. TEX. R. APP. P. 24.1(d)(3). Since the judgment awarded neither money damages nor property to OneWest, *there is nothing to secure* and the Court should adjust the bond amount to <u>zero</u>.

## B. This Court May Review Amount of Supersedeas Security

On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. TEX. CIV. PRAC. & REM. CODE §52.006(d); TEX. R. APP. P. 24.4(a); *LMC Complete Automotive, Inc. v. Burke*, 229 SW 3d 469, 483 (Tex. App. —Houston [1st Dist.] 2007, pet. denied). "Review may be based both on conditions as they existed at the time the trial court signed an order, and on changes in those conditions afterward." TEX. R. APP. P. 24.4(b); *LMC Complete Automotive, Inc*., supra.

## C. A Supersedeas Bond is Inextricably Founded in a Cause of Action

"The Supersedeas Bond given by appellants is a mere incident to a cause of action and judgment appealed from and is given to afford the adverse party the means of *enforcing* the judgment appealed from if appeal or writ of error is not prosecuted with effect." *Robertson v. Land*, 519 S.W.2d 227, 228 (Tex. App.—

Tyler 1975, no writ) (citing *Casray Oil Corporation v. Royal Indemnity Co.*, 165 S.W.2d 244 (Tex. Civ. App., Galveston, 1942), *affirmed* 141 Tex. 33, 169 S.W.2d 955 (1943). Also see *City of Athens, Texas v. Gulf States Telephone Co.*, 374 S.W.2d 757 (Tex. Civ. App. —Tyler 1964, no writ)).

D.  Lamell's Supersedeas Security was Cash Posted in Lieu of Bond

Lamell made cash deposits totaling $31,209.76 in lieu of bond ("Security") to the Court's registry to secure that he will "perform its judgment, sentence or decree and pay all such damages and costs as said court may award against him." [CR-SUP:65-7]  TEX. R. APP. P. 24.1(c).[5]

E.  No Performance to Secure

The trial court awarded no money damages whatsoever against Lamell leaving nothing further for Lamell to "perform." Nor did the trial court's final judgment award any non-economic damages to OneWest, such as award of the subject property by strict judicial foreclosure [CR:716-7].

The plain language of Rule 24.2 contemplates that the purpose of a supersedeas bond or the equivalent security is to secure an appellant's performance of the trial court's *final judgment*.  When, as here, an appellee neither sought nor

---

[5] "In this chapter, 'security' means a bond or deposit posted, as provided by the Texas Rules of Appellate Procedure, by a judgment debtor to suspend execution of the judgment during appeal of the judgment." TEX. CIV. PRAC. & REM. CODE §52.001.

received any award of money damages or recovery of an interest in real or personal property, there is simply no performance <u>nor any value</u> to secure. T<small>EX</small>. R. A<small>PP</small>. P. 24.1(d)(3). *Reyes v. Credit Based Asset Servicing*, 190 S.W.3d 736, 741-2 (Tex. App.—San Antonio 2005, no pet.), concurring J. Duncan. Therefore, there is *no breach of condition* of the Security. Insofar as the court's final order established money/property damages of zero, it is axiomatic that the amount of security required must be reduced to zero as well.

F.  <u>Posted Cash in Lieu is for Security; Is Not an Award</u>

Where appellant has deposited cash in lieu of a bond, then such cash must of necessity serve as <u>indemnity</u> to appellee in addition to appellant's personal liability for the performance of the judgment. This cash deposit, however, is not in payment of the judgment and costs, but is only *security* for the payment of such. *Mea v. Mea*, 464 S.W. 2d 201, 208 (Tex.App.—Tyler 1975, no writ) (citing *Bayoud v. Nassour*, 408 S.W.2d 344 (Tex.Civ.App., Dallas, 1966, writ ref. n. r. e.).; T<small>EX</small>. R. A<small>PP</small>. P. 24.1(d).

## III. CONCLUSION

Lamell's Appeal is directed to error in the court's issuance of its *Modified Order Granting Summary Judgment and Final Judgment* and its separate *Order Granting OneWest Bank FSB's Third Motion to Authorize Release of Bond*.

Lamell's present motion is directed to the *excessiveness* of the bond amount.

While clearly disposing of all of Lamell's claims, the court's take-nothing order granting summary judgment, as the final and over-arching order in this matter, <u>did not create any debt</u> of money owed to OneWest that would establish it as a judgment debtor under the rules. Consequently, there was no debt of money or property created or owed by virtue of the court's final judgment, i.e. the "debt" created was for <u>zero dollars</u>. It follows as a matter of definition that the amount of supersedeas security should be reduced to zero as well.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant J. M. Arpad Lamell prays that this *Motion to Reduce Supersedeas Security* be granted, that the amount of supersedeas security required be reduced to zero dollars, and that the Court order the cash balance of Lamell's deposits paid in lieu of bond into the court's registry to be released to him.

Respectfully submitted,

<u>/s/ J. M. Arpad Lamell</u>
J M Arpad Lamell, *pro se*
5131 Glenmeadow Drive
Houston, TX 77096
713 857 2483
lamell@alum.mit.edu

# CERTIFICATE OF SERVICE

I hereby certify that on <u>February 19, 2015</u>, a true and correct copy of the foregoing *"Motion to Reduce Supersedeas Security"* was sent by e-service/e-mail to Mr. Thomas Hanson, lead counsel for Appellee OneWest to the address as shown below.


 /s/ J. M. Arpad Lamell

J M Arpad Lamell



Via: TexFile e-service and e-mail.
To: **Thomas M. Hanson**
DYKEMA
Commercia Bank Tower
1717 Main Street, Ste. 4000
Dallas, TX  75201
(214) 462-6420 telephone   (214) 462-6401 telecopier
thanson@dykema.com
www.dykema.com
*Counsel for Appellee OneWest Bank*

**EXHIBITS**


Exhibit "A" – *Order to Re-establish Lost Filing*
(Supplementation Pending)

Exhibit "B" – *Modified Order Granting Summary Judgment and Final Judgment*
[CR:716-7]

**Cause No. 2010-11491**

| | | |
|---|---|---|
| J. M. ARPAD LAMELL | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | 127th JUDICIAL DISTRICT |
| | § | |
| ONEWEST BANK, FSB | § | |
| *Defendant.* | § | |

## ORDER TO RE-ESTABLISH LOST FILING

Came before this Court for oral hearing on January 9, 2015, Plaintiff's *Motion to Re-establish Lost Filing*. Plaintiff Arpad Lamell appeared in person. Defendant OneWest did not appear nor did it file an opposition.

The Court having considered the *Motion*, the evidence presented, and the testimony and arguments of Plaintiff, finds that Plaintiff's *Motion* should be GRANTED.

IT IS, THEREFORE, ORDERED that Plaintiff's *Motion to Re-establish Lost Filing* be GRANTED and the Court declares that the copy of *Plaintiff's Response in Opposition to Third Motion to Authorize Release of Bond to Defendant OneWest* presently imaged in the District Clerk's Record as Image Nos: 62288269 (*Motion*), 62288271(*Affidavit of J.M. Arpad Lamell*), 62288270 (*Exhibit A*) and bearing a filing date of September 10, 2014, is a true and correct copy of the *Opposition* as it was presented to the Court, served on Defendant's Counsel, and filed on January 31, 2014.

**SO ORDERED** this _9th_ day of January, 2015.

Hon. Judge R. K. Sandill

**FILED**
Chris Daniel
District Clerk

JAN 09 2015

Time:_____
Harris County, Texas
By_____
Deputy

Chris Daniel - District Clerk
Harris County

CAUSE NO. 2010-11491

| | | |
|---|---|---|
| J. M. ARPAD LAMELL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| | § | ___ JUDICIAL DISTRICT |
| ONEWEST BANK, FSB, a | § | |
| FOREIGN CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**F I L E D**
Chris Daniel District Clerk

**DEC 2 8 2013**

Time:_____
Harris County, Texas

By_____
Deputy

## MODIFIED ORDER GRANTING SUMMARY JUDGMENT *and Final Judgment*

On April 12, 2013, this Court issued its "Order Granting Defendant ONEWEST's Traditional and No-Evidence Motion for Summary Judgment", which order granted Defendant's motion in its entirety and further ordered that all of Plaintiff's claims against ONEWEST were to be dismissed WITH prejudice.

Plaintiff J. M. Arpad Lamell filed his timely motion to modify said Court's Judgment to reflect that, as to the claim of Wrongful Foreclosure only, dismissal of that particular claim should be WITHOUT prejudice.

The Court having considered the Motion, all pleadings and evidence on file, and the arguments of Plaintiff and ONEWEST's counsel, and being fully advised in the premises, finds that Plaintiff's motion to modify its judgment should be granted and that the Court's judgment of April 12, 2013 BE VACATED AND HEREBY REVISED as follows:

IT IS, THEREFORE, ORDERED that Defendant ONEWEST's Traditional and No-Evidence Motion for Summary Judgment" is GRANTED.

*Motion to Modify Judgment - Order*                                                    pg. 1

716

IT IS, THEREFORE, FURTHER ORDERED that Plaintiff's claim against ONEWEST for Wrongful Foreclosure is hereby dismissed WITHOUT prejudice and that all of Plaintiff's OTHER claims against ONEWEST are hereby dismissed WITH prejudice.

*This is a final judgment.*

**SO ORDERED** this _31st_ day of _January_, 201_4_ .@ _11:35 a.m._

_____
Hon. Judge R. K. Sandill

*This Order disposes of all parties and all claims and is appealable.*

**Agreed**

_____
Thomas M. Hanson
State Bar No. 24068703
DYKEMA GOSSETT, PLLC
1717 Main Street, Ste. 4000
Dallas, TX 75201
(214) 462-6420 telephone
(214) 462-6401 telecopier
thanson@dykema.com
**ATTORNEYS FOR ONEWEST BANK, FSB**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Agreed as to Form Only**

/s/ J. M. Arpad Lamell
J. M. Arpad Lamell, Pro Se
5131 Glenmeadow Drive
Houston, TX 77096
713 857 2483
lamell@alum.mit.edu