Ed Smith v. Eugene Zesch et al.

Decided November 19, 1902.

**School Lands—Sale—Lease—Award.**

One who applies to purchase State school land before the expiration of a lease thereof to another, and who is awarded the land after the expiration of the lease, has the superior right as against an applicant to purchase after the award so made.

Appeal from the District Court of Mason County. Tried below before Hon. M. D. Slator.

*Walter Anderson* and *Stapleton & Meek,* for appellant.

*Rudolph Runge* and *McLean & Spears,* for appellees.

FLY, Associate Justice.—Appellant sued appellee Zesch to recover three tracts of land, and W. H. Smith intervened in the suit. The cause was tried by the court and a judgment was rendered in favor of Zesch.

The following facts found by the trial judge are adopted by this court:

"1. Fractional section 20, certificate 1-438, G. W. T. & P. R. R. Co., 455 acres, was by Commissioner of General Land Office leased to John. W. Gamel· for a period of three years, commencing January 20, 1896, the lease reciting payment of first annual rental in advance $13.65, and being duly recorded in Mason County records May 29, 1896, and numbered 12271.

"2. February 21, 1898, the State Treasurer issued his receipt as follows: 'Received of Wilson Hey on account of John W. Gamel the sum of thirteen 65-100 dollars, being the third yearly payment in advance on a three years lease as per your No. 12271 for 455 acres at 3 cents per acre of public free school lands in Mason County, Texas, awarded by Commissioner of General Land Office January 20, 1896.'

"3. Two tracts described as follows: Fractional section 58, certificate 5285, grantee G. H. & S. A. Ry. Co., 225 acres, Mason County,

and (second) 1-2 section 416, certificate 224, grantee Tyler Tap Ry. Co., 320 acres, Mason County, were by the Commissioner of the General Land Office of Texas leased to John W. Gamel for a period of three years commencing February 8, 1896, the lease reciting payment of sixteen 35-100 dollars as first annual rental in advance, and being duly recorded in records of Mason County, January 15, 1897, and numbered 15757.

"4. March 25, 1899, the Treasurer of the State of Texas issued his receipt as follows: 'Received from Wilson Hey on account of John W. Gamel the sum of sixteen 35-100 dollars, being the third yearly payment in advance on a three years lease as per your No. 15757 for 545 acres at 3 cents per acre of public free school land in Mason County, Texas, awarded by Commissioner of General Land Office, 2-8-96.

"5. On and prior to January 20, 1896, the three tracts of land in Mason County, described as follows: Section 20, certificate 1-438, G. W. T. & P. Ry. Co., 640 acres; section 416, certificate 224, Tyler Tap Ry. Co., 320 acres; section 58, certificate 5285, G. C. & S. F. Ry. Co., 225 acres, were classified as dry grazing land and appraised at $1 per acre, and such appraisement and classification has ever since been in force.

"6. January 14, 1899, defendant Eugene Zesch made his application in due form to purchase the section described as section 20, certificate 1-438, grantee, G. W. T. & P. R. R. Co., 445 acres, at price per acre $1, classified as dry grazing land, made his obligation for balance of purchase money as required by law, which application was filed in General Land Office January 17, 1899, and on this this survey was awarded to him February 6, 1899.

"7. January 30, 1899, defendant Eugene Zesch made his two separate applications and obligations for balance of purchase money, all in due form as required by law; one to purchase fractional section 58, certificate 5285, G. C. & S. F. R. R. Co., grantee, 225 acres, price per acre $1, classified as dry grazing land. Second, section 416, certificate 224, grantee, T. T. R. R. Co., 320 acres, price per acre, $1, classification dry grazing land; on which applications this two tracts were awarded to him by Commissioner of General Land Office, April 17, 1899.

"7½. All applications made by defendant were supported by and had attached affidavits of applicant as required by law.

"8. In the three before mentioned applications defendant alleged his residence to be on 160 acres survey No. 88, grantee, Chas. Wartenbach; and that he was a bona fide actual settler thereon, and applied for the school lands as additional lands.

"9. Defendant Eugene Zesch was at the time he applied for said school lands over 21 years of age, and had not purchased any other public lands, and was at said time and prior thereto and has even since been owner of and an actual bona fide settler on said 160-acre survey No. 88 in name of Chas. Wartenbach, residing thereon.

"10. Said three tracts of school land were all within a radius of

five miles of defendant Zech's residence on said 160-acre survey No. 88.

"11. Defendant Zesch paid all purchase money and interest as it came due on said three tracts of land, and on February 27, 1902, a patent was issued to him by the State of Texas for said survey 20, certificate 1-438, grantee G. W. T. & P. R. R. Co., 455 acres.

"12. May, 1901, clerk of County Court of Mason County, Texas, received from Commissioner of General Land Office report of classification and appraisement of public school lands in Mason County, showing among other things that the three tracts awarded to defendant Zesch as before found were classified as dry grazing land and appraised at $1 per acre, and under the head of remarks opposite section 20, certificate 1-438, grantee G. W. T. & P. R. R. Co., 640 acres, the following indorsement: 455a. Eugene Zesch 1-17-99; and opposite the other two tracts awarded to defendant as before found under head of remarks the following: Eugene Zesch, 2-4-99.

"13. August 12, 1901, plaintiff Ed Smith made his application to purchase land described as follows: Section 20, certificate 1-438, grantee G. W. T. & P. R. R. Co., 320 acres, price per acre $1, classification dry grazing; executed his obligation for $624 for balance of purchase money, in which land is described as all of section 20, certificate 1-438, G. W. T. & P. Ry. Co.; and on same day his two separate applications and obligations for fractional section 58, certificate 5825, G. C. & S. F. Ry. Co., grantee, 225 acres, price per acre $1, classification dry grazing; and section 416, certificate 224, Tyler Tap Ry. Co., grantee, 320 acres, price per acre $1, classification 'dry grazing';— which applications were duly recorded by the clerk of Mason County as required by law, and filed in General Land Office August 15, 1901, and on the 19th day of August, 1901, rejected by the Commissioner of the General Land Office; all of which applications were supported by, and had attached to them, affidavits by applicant as prescribed by law.

"14. On August 21st, Wilson Hey, county clerk of Mason County, deposited with the Treasurer of the State of Texas $29.65 to credit of plaintiff Ed Smith as first payment on the three tracts of land applied for by him as set out in section 13 hereof. Plaintiff Smith delivered to said Hey the amount required as first payment at the time he made his application to purchase, and all of said three tracts of land applied for by plaintiff were within a radius of five miles from plaintiff's residence on said survey 710.

"15. Plaintiff Ed Smith was at the time he made said application to purchase said three tracts as set out in section 13 over 21 years of age, had not then purchased any other public land, and was at said time and prior thereto and has ever since been owner of and an actual bona fide settler and resident on pre-emption survey 710 in name of Henry Keller, described in his said applications as the home survey to which he desired to purchase said three tracts of school land as additional land, and all of said three tracts of land applied for by plaintiff were

within a radius of five miles from plaintiff's residence on said survey 710.

"16. Intervener W. H. Smith introduced in evidence the following certificate from Commissioner of General Land Office: 'General Land Office State of Texas, Austin, March 8, 1902.—I, Charles Rogan, Commissioner of the General Land Office of the State of Texas, do hereby certify that the records of this office show that rejected applications and obligations No. 86941-2-3, in name of W. H. Smith, to purchase section 20, cert. No. 1-438, grantee G. W. T. & P. Ry. Co.; section No. 416, cert. No. 224, grantee Ty. Tp. Ry. Co.; and fractional sec. No. 58, cert. No. 5285, grantee G. C. & S. F. Ry. Co., all in Mason County, Texas, made under the Act of 1897 and dated November 13, 1901, the first being to purchase as an actual settler and the other two as additional lands thereto, were filed in the county clerk's office of Mason County, Texas, Nov. 13, 1901, and recorded therein same date by Wilson Hey, clerk Mason County, Texas, and the same were received and filed in this office Nov. 15, 1901, and rejected Nov. 19, 1901, by Charles Rogan, Commissioner of the General Land Office of the State of Texas, for the reason that said lands were sold to E. Zesch, whose claims thereon were in good standing and which this department declined to cancel.

"'In testimony whereof I hereunto set my hand, and affix the impress of the seal of said office, at Austin, Texas, this 8th day of March, A. D. 1902. (L. S.) Charles Rogan, Com'r. Genl. Land Office. Stapleton & Meek, Mason, Texas. Rej. Appl. & Obl. No. 86941-2-3. (B).'

"17. Intervener W. H. Smith on November 13, 1901, paid to Wilson Hey, clerk of Mason County, Texas, first payment on the three tracts described in foregoing certificate, which money was by said clerk forwarded to the Treasurer of the State of Texas.

"18. Intervener W. H. Smith was on November 13, 1901, over 21 years of age; had not, at said time, purchased any other public lands, but was not on said date an actual bona fide settler on said section 20, certificate 1-438, grantee G. W. T. & P. R. R. Co.

"19. Plaintiff Ed Smith and defendant Eugene Zesch both made their applications to purchase the lands described in their applications in good faith for themselves, and not for any other person, nor did any other person or persons or corporation have any interest in the purchase of said lands by them.

"20. Survey 20, certificate 1-438, G. W. T. & P. Ry. Co., was always detached from all other public lands, except where it joined survey 864, which was patented February 12, 1902, the patent reciting that it was issued by virtue of purchase made from public school fund under Act of 1881.

"21. Plaintiff established by the assessor of taxes for Mason County that there did not appear on the abstract of land for said county any survey described as fractional section 58, certificate 5285, G. H. & S. A. Ry. Co., grantee, 225 acres, and also that John W. Gamel's applica-

tion to lease on which lease was made was for fractional section 58, G. C. & S. F. R. R. Co., certificate 5285, 225 acres.

"22. Plaintiff introduced applications made by John W. Gamel to lease section 20, G. W. T. & P. R. R. Co., certificate 1-438, which is dated January 9, 1896; also application of John W. Gamel to lease fractional section 58, G. C. & S. F. R. R. Co., certificate 5285, 225 acres, and one-half section 416, Tyler Tap R. R. Co., certificate 224, 320 acres, which was dated November 10, 1896."

The applications to purchase the lands in controversy were made by appellee Zesch before the expiration of the leases made to Gamel, but were awarded to him after the expiration of the leases, and it is contended by appellant that the purchase was invalid because the application was made during the vitality of the leases. This is not a contest between Zesch and persons with intervening rights, for the applications of both appellant and W. H. Smith to purchase the land were made long after the lands had been awarded to Zesch, and they have no intervening rights that were disturbed or affected by the awards made to Zesch, and can not complain of the fact that the applications for purchase by Zesch were made before the expiration of the leases.

Speaking on this subject in the case of Hazlewood v. Rogan, 95 Texas, 295, 4 Texas Court Reporter, 385, the Supreme Court of Texas said: "The Constitution requires the Legislature to provide for the sale of the school lands; and the policy of our legislation has been to promote such sales, and, with a view to populate the unsettled districts of the State, to favor those purchasers who had already settled upon and purchased a section or part of section of the lands, as well as those who seek to acquire the lands for the purpose of making their homes upon them. It comports neither with the spirit or policy of this legislation to throw around settlers applying to purchase unnecessary and improved restrictions. We are therefore of the opinion that since the lands had been awarded to the relator, before any superior intervening rights had attached, the award should not have been set aside for the mere irregularity in making the application on the day before the lease had expired, if in fact it had not expired." The same principle was announced by this court in the case of Corbin v. McGee, 4 Texas Court Reporter, 868.

It is the contention of appellant that the case of Hazlewood v. Rogan is not applicable to the facts of this case, because the application for the first tract was filed three or four days before the expiration of the first lease, and the last two applications were made nine or ten days before the expiration of the lease of the last two tracts, and as it was possible for the Commissioner of the General Land Office to have made the awards before the expiration of the leases, in the ordinary course of business, the awards made after the expiration of the leases were invalid. No reason, it would seem, can possibly be assigned for such a proposition, unless it be held that an application to purchase made during the pendency of a lease can under no circumstances form a basis

for an award made after the lease expires, regardless of any intervening rights. The opinion in the Hazlewood case can not be justified if such contention be the true one. Discussing this very question the Supreme Court, in that case, said: "When the Commissioner of the General Land Office came to act upon relator's applications and to decide whether the lands should be awarded to him or not, there was no one having a better right standing in the way of the award. It seems that according to the Commissioner's construction of the lease the term was at an end when he awarded the land. But let us admit that he erred in so holding, and let us suppose that he considered that the lease was not then terminated. Was it his duty to reject the applications on this ground merely and to require new applications to be filed?" The question is answered in the negative by the court. In this case the awards were clearly made after the expiration of the leases, and it was months after the awards were made before either of the Smiths applied to purchase the land.

There are numerous assignments of error, but we deem them of no importance in the light of the position of this court, as sustained by the case of Hazlewood v. Rogan.

The judgment is affirmed.

*Affirmed*