## MILLERS' INDEMNITY UNDERWRITERS v. HUGHES et al.    (No. 1002.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 13, 1925.)

**1. Appeal and error ⚖══1191—Judgment on appeal became final as of date of entry in absence of motions for rehearing.**

Under Rev. St. art. 1559, providing that mandate be taken out within 12 months after rendition of final judgment of the Supreme Court or the Court of Civil Appeals, or the overruling of a motion for rehearing, a judgment, in the absence of motions for rehearing, became final as of date of its entry.

**2. Appeal and error ⚖══1191—Statute providing that mandate be taken out within 12 months after rendition of final judgment is mandatory.**

Mandate taken out more than 12 months after judgment of Court of Civil Appeals, in violation of Rev. St. art. 1559, will be recalled, such statute being mandatory.

Appeal from District Court, Orange County; V. H. Stark, Judge.

On motion for rehearing of motion to recall mandate. Mandate ordered recalled.

For former opinion, see 256 S. W. 334.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morris & Barnes, of Beaumont, and Ed S. McCarver, of Orange, for appellant.

Tresp & Rawlins, of Dallas, and Adams & Bruce, of Orange, for appellees.

HIGHTOWER, C. J. [1] After this cause was regularly submitted in this court, we in due time made and entered our order and judgment reversing the judgment of the trial court and remanding the cause to that court for another trial. No motion for a rehearing was ever filed in this court by either party, and this court's judgment became final as of the date of its entry. More than 12 months after this court's judgment became final, the appellees applied for and took out the mandate and filed it in the trial court. Thereafter appellant filed in this court a motion praying that we recall the mandate because taken out too late. We overruled that motion, and appellant filed this motion for a reconsideration of our action in doing so.

[2] After due consideration of the motion for rehearing, we are satisfied that the mandate was applied for too late, and was improvidently issued, and that we were in error in overruling appellant's motion to recall. The question is governed entirely by article 1559, Revised Statutes, and the Supreme Court has declared that article is mandatory. Scales v. Marshall, 96 Tex. 140, 70 S. W. 946; Lee v. British & American Mortgage Co. (Tex. Civ. App.) 70 S. W. 775; Watson v. Boswell (Tex. Civ. App.) 73 S. W. 985.

The mandate having issued without authority of law, it should be recalled, and our action in overruling appellant's motion to recall is now set aside, and the clerk of this court is directed and ordered to recall the mandate.