**SHIPP v. METZGER et al.**

No. 9876.

Court of Civil Appeals of Texas. San Antonio.

June 24, 1936.

E. P. Lipscomb, of San Antonio, for plaintiff in error.

Saunders, Saunders & Whipple, of San Antonio, for defendants in error.

SMITH, Chief Justice.

In this case plaintiff in error sought to appeal, by writ of error, from an interlocutory order sustaining defendants in error's plea of privilege to be sued in Dallas county. Upon motion of defendants in error this court dismissed the writ of error, upon the ground that that method of appeal does not lie in such cases.

Subsequently plaintiff in error applied for and received from the clerk of this court a certificate showing the date of the filing of the record in this court, and that "motion by Defendants in Error to dismiss for want of jurisdiction was filed on April 27, 1936, and said motion granted by this Court on May 13, 1936, and the cause dismissed."

Defendants in error have now filed a motion in this court to recall said certificate, upon the ground that the clerk was without authority to issue same until the costs of appeal had been paid. This contention is based upon the provision of article 1865, R.S.1925, as follows: "On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court, nor certify the proceedings to the lower court, until all costs accruing in the case in such appellate court have been paid, subject, however, to the provisions of the succeeding article."

The certificate complained of by defendants in error is not a certification of "the proceedings to the lower court" within the contemplation of the statute cited. It does not authorize the court below to take any further action in the case, nor can any further proceedings be had therein except upon timely issuance of mandate. Nor may mandate issue until the costs of appeal have been paid, plaintiff in error having given writ of error bond.

Any litigant, or other interested party, may apply for and receive from the clerk of this court, or any other court of record, a simple certificate, such as that complained of here, of the orders and decrees of the court, and other facts of rec-

ord therein. But such certificate can never be used, directly or indirectly, to serve the purpose of a mandate or certificate of proceedings such as is provided for in article 1865. It is appropriate to add that the certificate of the clerk here in question is inaccurate in so far as it recites that the "cause was dismissed," since in fact only the attempted writ of error was dismissed.

Defendants in error's motion is overruled, at the cost of defendants in error.