John BRAZZEL, Appellant,

v.

Sid MURRAY et al., Appellees.

No. 654.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 14, 1971.

Rehearing Denied Nov. 11, 1971.

William E. Wright, Houston, for appellant.

Wood, Burney, Nesbitt & Ryan, Allen Wood, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

The question on this appeal is the propriety of the trial court's dismissal of appellant's cause of action predicated upon the authority and requirements of Rule 445, Texas Rules of Civil Procedure. This Rule provides:

"In cases which have been reversed and remanded by a Court of Civil Appeals, *if no mandate shall have been taken out* and filed in the court where the cause originated within one year after the motion for rehearing is overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, *the case shall be dismissed from the docket.*" (Emphasis supplied.)

The original suit was filed by John Brazzel on the 4th day of January, 1964, against Sid Murray and others. The case was ultimately tried before a jury and judgment was rendered for Brazzel on July 28, 1967. The case on appeal was transferred to the Waco Court of Civil Appeals (called "Waco Court" hereafter) upon order of the Supreme Court to equalize the dockets of the Courts of Civil Appeals. The Waco Court reversed the trial court's judgment on February 6, 1969, 438 S.W.2d 382, and remanded the case for trial ordering John Brazzel (hereafter called appellant) to pay the costs. The judgment became final upon the overruling of the appellant's application for writ of error by the Supreme Court on November 26, 1969.

Rule 443, T.R.C.P., provides as follows:

"On the rendition of a final judgment or decree in the Court of Civil Appeals, *the clerk of said court shall not issue and deliver the mandate of the court nor certify the proceedings to the lower court until all costs accruing in the case in such appellate court have been paid,* subject to the provisions of Rule 444. * * *" (emphasis supplied). (Rule 444 concerns the making of an affidavit of inability to pay the costs or give security therefor).

The clerk of the Waco Court issued the mandate to the district clerk of Nueces County on December 4, 1969, without the costs being paid by appellant disregarding the above cited rule. Sid Murray, and oth-

ers (hereafter called appellees) filed a motion in the Waco Court to recall the mandate because of the nonpayment of costs by the appellant. The Waco Court then recalled the mandate in an opinion handed down on January 22, 1971. Justice Wilson (now deceased), speaking for the Court, states in part:

"Appellants have filed motion for return of mandate because 'appellee has not paid to the clerk of this court any of the costs' assessed against him, by the judgment of reversal February 6, 1969.

\* \* \* \* \* \*

" \* \* \* Rule 443 provides that the clerk of this court shall not issue mandate 'until all costs accruing in this case in such appellate court have been paid'. Rule 448 entitles appellant to execution, upon reversal, for costs 'occasioned by such appeal, including costs for the transcript' to be taxed by the clerk of this court. Rule 447 provides that if costs are unpaid thirty days after judgment is final the clerk of this court shall issue and mail execution, but shall 'retain the mandate until the costs have been paid', subject to Rule 443, and Rule 444 concerning affidavit of inability to pay costs as provided by Rule 355.

"The cost of the transcript is held to be included in 'costs accruing' in the appellate court under Rule 443. Bayoud v. Nassour (Tex.Civ.App., 1966 writ ref. n. r. e.), 408 S.W.2d 344; as is the cost of the statement of facts. Pullman Co. v. Hays (Tex.Com.App.1925), 114 Tex. 490, 271 S.W. 1108. These costs were not paid when the mandate issued.

"The mandate was improvidently issued, and it is recalled. The clerk of the trial court is directed to return it to this court."

On February 12, 1971, the district clerk of Nueces County returned the mandate to the clerk of the Waco Court as ordered. Appellees then secured a certificate from the clerk of the Waco Court of Civil Appeals, which stated:

"CERTIFICATE

"Except for the Mandate of this Court issued December 4, 1969, no Mandate in the above cause has been taken out.

"SIGNED This 18th day of February, 1971.

R. I. Gage /signed/ R.I.Gage
CLERK of the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas, at Waco"

On February 17, 1971, appellees filed their motion to dismiss this cause in the trial court. On March 4, 1971, the trial court entered its order of dismissal. Appellant filed his motion to set aside the trial court's order of dismissal upon the grounds, among other things, that he did not have notice of the trial court's hearing on the motion to dismiss. The trial court gave appellant a hearing on this issue and overruled the same, including appellant's motion for new trial, on March 15, 1971.

Appellant's first point of error is that without the mandatory certification of the clerk that no mandate had issued within one year of final appellate judgment, the trial court could not dismiss the cause. The appellant argues that the rule imposes an emphatic condition precedent to any action of the trial court in dismissing the case. He asserts that unless the certificate of the clerk states that "no mandate" (legal or illegal and without qualification) has been taken out within one year, the court has no authority to dismiss the case. Appellant asserts that since a mandate was filed (although by mistake) the trial court could not legally dismiss his suit. Appellant admits that this point is technical in nature.

■ The language of Rule 445, which provides that if no mandate "shall have been taken out" and filed, etc., contemplates the obtaining of a mandate from the proper authority, upon payment of the costs. (Rule 443) The intent of the Rule and the emphasis that must be placed on the Rule is on the payment of the costs.

Thereafter, a proper mandate may be "taken out" from the clerk. The emphasis is not on the "issuing" of a mandate. The certificate from the clerk is verification of what has taken place.

Judge Murray recognized that the failure to pay the costs within the prescribed time, is the controlling factor in such situation. He said in Williams v. Creighton, 147 S.W. 2d 274 (Tex.Civ.App.—San Antonio 1941, wr. dism. judg. corr.):

> " * * * The costs were not paid within one year, a certificate to this effect was secured from the Clerk of the El Paso Court of Civil Appeals, filed in the trial court and a dismissal of the cause thereby obtained in accordance with the provisions of Article 1867, R.C.S.1925. * * *" (This corresponds to Rule 445).

A Court of Civil Appeals more recently, in considering the question of whether a mandate should issue without payment of costs by the Commissioners Court, held, in Breithaupt v. State, 332 S.W.2d 452 (Tex. Civ.App.—Waco 1960):

> " * * * The record shows that the appellants have individually paid all costs necessary to perfect their appeal to this Court, and since they were successful in this Court, they are entitled to have their costs paid before the mandate issues. * * *"

Again, the controlling factor in the cases construing this rule is the failure of the losing party in such a situation to pay the costs. In Shipp v. Metzger, 96 S.W.2d 315 (Tex.Civ.App.—San Antonio 1936) the court said:

> " * * * Nor may mandate issue until the costs of appeal have been paid, plaintiff in error having given writ of error bond."

See also Watson v. Boswell, 73 S.W. 985 (Tex.Civ.App.1903).

The clerk of the Court of Civil Appeals has the ministerial duty to issue a mandate after the costs have been satisfied. He has no discretion or judgment in the performance of the act. The Rule provides that until all costs accruing in the case have been paid, the clerk (1) *shall not* issue the mandate of the court; (2) he *shall not* deliver the mandate to the lower court; and (3) he *shall not* certify the proceedings to the lower court (subject to Rule 444). No one is entitled to take out a mandate, or have it filed, or have the proceedings certified to the lower court, until the costs have been paid. It follows that if the costs have not been paid within one year after the judgment becomes final "the case shall be dismissed from the docket". The trial court gave this as its reason for the dismissal; the failure of appellant to pay the costs. The judgment of dismissal recites that " * * * after due and proper notice to attorneys for plaintiff, (appellant here) came on to be considered the motion of defendants to dismiss the above cause by reason of the failure of plaintiff (appellant here) *to pay costs of appeal and to obtain the issuance of a mandate from the Court of Civil Appeals within one year after the judgment of that Court reversing the case and remanding it to the trial Court became final.* And the Court being of the opinion that the motion should be granted, it is ORDERED that the above entitled and numbered cause be, and the same is hereby, dismissed." (emphasis supplied).

Appellees contend that the appellant would capitalize upon the error of the clerk to prejudice the rights of the appellees. Appellant argues that there was not a twelve consecutive month period in which a mandate (valid or invalid) was not on file in the court where the cause originated. He contends that since the certificate of the clerk of the Court of Civil Appeals does not track the exact wording of the Rule, appellees are not entitled to the dismissal. And finally, appellant suggests that in the interest of justice the order of dismissal

should be set aside as it is a harsh rule. Appellees submit that a rule that allows a mandate to issue if the costs are paid during a period of an entire year can hardly be called harsh. The rule, appellees say, is more accurately described as one of repose. We agree.

This case is not like the situation in Rittenberry v. Capitol Hotel Co., 69 S.W.2d 491 (Tex.Civ.App.—Amarillo 1934, wr. ref.). There the party did all that he could to get a mandate issued within the twelve-month period. He complied with every condition. It was only through the fault of the clerk and/or the court that the mandate had not issued within one year; under such situation the cause of action was reinstated. However, the court said that where "the delay is that of the litigant" the result will be the opposite, as the entire situation is within the control of the litigant.

■ The undisputed facts show that the appellant had notice that he was to pay all the costs accruing in the case at the time the judgment became final. He had actual and/or constructive notice of the mandatory provisions of Rules 443 and 445. The appellant received notice that the mandate was to be recalled. He has never asserted nor does he claim now that he was misled by the mistaken premature filing of the mandate by the clerk of the Waco Court. He made no effort to oppose the return of the mandate on either legal or equitable grounds. He received the opinion and order of the Waco Court for the return of the mandate but took no action to set aside the Waco Court's decision. Although the appellant requested that all trial settings made subsequent to the issuing of the mandate on December 4, 1969, to March 4, 1971, be included in the transcript, none appear, nor does the record show any affirmative action on the part of the appellant to prosecute his case to trial. We recognize

that Rule 445 can be waived by the actual trying of the case without objection. Continental Casualty Company v. Street, 364 S.W.2d 184 (Tex.Sup.1963). However, there was no waiver in the case at bar since appellant did not obtain a setting or a trial of this seven-year-old case during the one-year-period after the judgment became final. Appellant admitted during oral argument at the time the case was admitted, that he has made no effort to pay the costs of this proceeding at any time.[1]

Appellant in his second point contends that the dismissal of the suit was error as a valid mandate was on file with the trial court from final remand until dismissal except for a period of thirty two days.

■ The Waco judgment recalling the mandate is final. The opinion from the Waco Court recognized the mistake of the clerk of that Court in issuing a mandate without the prior payment of costs. The Court stated, that the mandate was "improvidently issued". A mandate that is improvidently issued is one that is issued without proper information as to all the circumstances affecting its validity, or its issuance is based upon a mistake in assuming or receiving misleading information or advice. It is clear that the failure of appellant to pay the costs is the reason that the mandate was recalled. A mandate that is mistakenly issued, for whatever reason, is no mandate. See Millers' Indemnity Underwriters v. Hughes, 268 S.W. 974 (Tex.Civ.App.—Beaumont 1925); Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326 (1907).

■ It must be noticed that Rule 445 provides that when no mandate has been taken out within one year, the case "shall be dismissed". It does not say, "may be dismissed". The requirement of the Rule as quoted has been held to be mandatory and to require a dismissal of the cause in

1. In a letter dated October 2, 1971, addressed to the clerk of this Court, and received after the case had been submitted, appellant advises that he has tendered the costs to the clerk of the Waco Court.

the absence of the issuance of a mandate. Bayoud v. Nassour, 408 S.W.2d 344 (Tex.Civ.App.—Dallas 1966, ref. n. r. e.); Boothe v. Schultz, 371 S.W.2d 88 (Tex.Civ.App.—Amarillo 1956); Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co. of Texas, 32 S.W.2d 209 (Tex.Civ.App.—Dallas 1930, affirmed Supreme Court 119 Tex. 455, 32 S.W.2d 822); Williams v. Creighton, supra.

Appellant's points are overruled. Judgment of the trial court is affirmed.

SHARPE, J., not participating.