DECISION
Before this Court is the plaintiffs,' Alberto Tedeschi and Piera Tedeschi (Tedeschi), petition for declaratory relief. The plaintiffs move this Court to declare a writ of attachment on real property as dissolved pursuant to R.I.G.L. 1956 § 10-5-44
and to enjoin the defendant, Joseph Driscoll (Driscoll), from proceeding with a sheriff's sale on said property. In addition, the plaintiffs allege that refusal by Driscoll to release the invalid attachment constitutes slander of title, entitling the plaintiffs to actual and punitive damages. Jurisdiction is pursuant to R.I.G.L. 1956 § 9-30-1 et seq.
 Facts/Travel
This matter involves property located at 12 Denver Ave., Cranston, Rhode Island. In 1985, Driscoll filed a collection complaint against Peter Mesiti (Mesiti) in matter related to the instant action. Shortly after filing said complaint, Driscoll obtained an ex parte writ of attachment against the subject property and duly recorded it in the land evidence records of the City of Cranston on October 25, 1985. Mesiti owned the property jointly with his wife, Giovanna.
On December 17, 1985, Driscoll and Mesiti entered into a settlement stipulation wherein Mesiti agreed to pay Driscoll the sum of $6,600.00. Upon Mesiti's failure to pay, the case proceeded through the usual course and was duly assigned to the continuous non-jury trial calendar on December 22, 1986. In May of 1988, Driscoll gave notice to take Mesiti's deposition. There was no further movement on the case until November 9, 1994.[1]
On December 12, 1996, the Superior Court granted Driscoll's Motion for Summary Judgment against Mesiti in accordance with the settlement stipulation. There was no trial on the merits of the underlying complaint. Subsequently, Mesiti filed a Motion for Dissolution of Attachment of Real Estate for Want of Action pursuant to R.I.G.L. § 10-5-44.
After hearing arguments, the matter was passed by Gagnon, J., who stated that "once the judgment is entered, there's no more jurisdiction in this Court."[2] On October 16, 1997, Mesiti's Motion to Vacate the Judgment was denied.
At all times during the above proceedings, the lien of attachment remained recorded against the subject property. On December 31, 1997, Driscoll notified the plaintiffs in the present action of his intent to sell the plaintiffs' property at a sheriff's sale. In response the plaintiffs filed the instant action.
The plaintiffs now seek a declaratory judgment pursuant to R.I.G.L. § 9-30-1 et seq., to declare that Driscoll's writ of attachment against their property had dissolved by operation of law, as provided by R.I.G.L. § 10-5-44. The plaintiffs seek to enjoin Driscoll from proceeding with a sheriff's sale on the property and allege that refusal by Driscoll to release the invalid writ of attachment constitutes slander of title, entitling the plaintiffs to actual and punitive damages.
In opposition, Driscoll alleges that the legal issues raised by the plaintiffs have been previously decided by the Superior Court and are binding upon the plaintiffs.
 Lien of Attachment
In Rhode Island, it is well settled that in order to effectuate the Legislature's intent, our Supreme Court examines a statute in its entirety and gives the words their plain and ordinary meaning. In re Falstaff Brewing Corp., 637 A.2d 1047, 1049 (R.I. 1994). When a statute has a plain, clear and unambiguous meaning the Legislature's intent is gleaned from the plain and literal language contained therein. Parkway Associatesv. Godfrey, 688 A.2d 1289, 1294 (R.I. 1997). If a mechanical application of a statutory definition produces an absurd result or defeats the Legislature's intent our Supreme Court will look beyond mere semantics and give effect to the purpose of the act.In re Falstaff Brewing Corp., 637 A.2d at 1050. The primary task in construing a statute is to attribute to the enactment the meaning most consistent with its policies and with the obvious purposes of the Legislature. Id. "Every word, sentence or provision in a statute is presumed to have some useful purpose and is intended to have some force and effect." Gross v. State ofRhode Island, Division of Taxation, 659 A.2d 670, 671 (R.I. 1995).
R.I.G.L. § 10-5-44 states:
 "The lien of any attachment of real property . . . in which a decision shall not have been entered, shall be dissolved whenever the cause shall remain without action for a period of six (6) years, as shown by the court docket. A certificate of the clerk of the court in which a cause is pending, to the effect that the cause has remained without action for a period of six (6) years, shall be entitled to be recorded, upon payment of the fee for the recording, in the records of land evidence wherever any such attachment may have been filed." R.I.G.L. § 10-5-44.
"Where the word "shall" appears in a statutory directive, "[the Legislature] could not have chosen stronger words to express its intent that [the specified action] be mandatory.""Plaut v. Spendthrift Farm. Inc., 1 F.3d 1487, 1490 (6th Cir. 1993) (citing United States v. Monsanto, 491 U.S. 600, 607, 109 S.Ct. 2657, 2662, 105 L.Ed.2d 512 (1989)). "Generally the word "shall" in a statute indicates a mandatory obligation unless the context indicates otherwise. Further, the word "shall" will not be given a permissive meaning where it is used with reference to any right or benefit to anyone, and the right and benefit depends upon giving a mandatory meaning to the word. Dunahee v. ChenoaWelding and Fabrication. Inc., 652 N.E.2d 438, 442 (Ill. App. 4 Dist. 1995). See Also Carlson v. McLyman, 73 R.I. 177,74 A.2d 853, 855 (1950) ("[t]he ordinary meaning of the word "may" is permissive and not compulsive; yet whether it should be given the latter meaning and construed as "shall" in a given case depends on the intent of the legislature, the nature, and the object of the statute."); Quality Court Condominium Association v. QualityHill Development Corporation, 641 A.2d 746, 751-752.
A lien of attachment affects an individual's property rights. It is clear from the language of R.I.G.L. § 10-5-44 that the legislature intended to place strict limits on the length of time an attachment may encumber property. The plaintiffs argue that the six year lack of action on the court docket in the Mesiti
case dissolved the lien of attachment by operation of law. Although the language, "shall be dissolved," suggests that some positive action is required before the dissolution takes place, a review of the statutory history indicates otherwise. When this section was enacted, the introductory language in the margin stated "[l]ien of attachment on real property, dissolved by operation of law when." P.L. 1955, ch. 3579, § 3. Thus, it is clear that dissolution automatically occurs where there is no action on the court docket for a period of six years and that there is no necessity for any positive action on the part of the owner of the property.
The lien of attachment on 12 Denver Ave., was granted October 24, 1985 in the Driscoll v. Mesiti action. A review of that court docket shows that on December 22, 1986, Driscoll's Motion to Assign was granted and that no further action took place until November 9, 1994. Thus, almost eight years elapsed between these two actions. In May of 1988, Driscoll gave notice to take Mesiti's deposition. This action was not reflected on the court docket and even if it had been, it would not help Driscoll because over six years passed before any further action took place. Given the mandatory nature of R.I.G.L. § 10-5-44 and the inaction on the court docket for greater than six years, the lien of attachment on the Denver Ave., property dissolved by operation of law. Consequently, Driscoll has no interest in the property and may not proceed with a sheriff's sale.
Driscoll argues that there was a final decision on the merits in the Mesiti case and that Mesiti's failure to raise the dissolution defense amounted to a waiver of such a defense. In addition, Driscoll argues that the law of the case precludes the plaintiffs from raising the dissolution argument in the instant matter. These arguments are meritless. As the lien of attachment dissolved by operation of law it was not necessary for Mesiti to raise the issue as a defense. The granting of summary judgment in accordance with the settlement stipulation merely acknowledged that Mesiti was indebted to Driscoll; it did not operate to revive the lien of attachment. It is irrelevant that the Court refused to "dissolve" the attachment for want of jurisdiction as the lien attachment was no longer valid at that point.
With respect to the Court Clerk's refusal to grant a certificate evidencing the inaction for a period of six years, there is no language in the statute indicating that a clerk had the discretion to refuse to grant a certificate. In fact, "[a] certificate from the clerk is verification of what has taken place." Brazzel v. Murray, 472 S.W.2d 814, 817 (Tex. Civ. App. 1971) (finding that a clerk has a ministerial duty to issue a mandate after costs have been satisfied and has no discretion or judgment in the performance of the act). The purpose of the certificate is to enable the owner of the property to announce to the world that the lien of attachment no longer exists. This is evidenced by the language in the statute which states that the "certificate . . . shall be entitled to be recorded . . . ." R.I.G.L. § 10-5-44. Thus, pursuant to statutory mandate and on the instant facts, the clerk lacked the discretion to deny the certificate.
 Damages
The plaintiffs allege that refusal by Driscoll to release the invalid writ of attachment constitutes slander of title, entitling the plaintiffs to actual and punitive damages. This argument has no merit.
To recover for slander of title, a plaintiff must show "that the defendant maliciously uttered false statements about the plaintiffs ownership of real estate which resulted in the plaintiff sustaining actual and pecuniary loss." DeLeo v. AnthonyA. Nunes, 546 A.2d 1344, 1346 (R.I. 1988). Malice in the context of a slander-of-title claim is an intent to deceive or injure.Montecalvo v. Mandarelli, 682 A.2d 918, 923 (R.I. 1996). It is established by showing that a party made a false statement, with full knowledge of its falsity, for the purpose of injuring the complainants. Id.
In the instant matter, Driscoll obtained a valid lien of attachment against Mesiti. Subsequently, the lien of attachment was dissolved by operation of law. Whether or not Driscoll "refused" to release the attachment is of no significance because there was nothing left for Driscoll to release. This alleged "refusal" does not constitute a maliciously false statement for purposes of a slander of title claim. The plaintiffs' recourse is to utilize the mechanism to clear title provided by R.I.G.L. s10-5-44, whereby the plaintiffs can obtain a certificate from the Court Clerk. Consequently, Driscoll cannot be held liable for his actions under a slander of title theory.
 Conclusion
After careful review of the issues involved in the matter, this Court determines that the lien of attachment placed by Driscoll on 12 Denver Ave., dissolved as a matter of law; that, if requested and warranted, the Court Clerk must grant a certificate evidencing that there was no action on the Mesiti
matter for more than six years; and that the plaintiffs are not entitled to damages from the defendants.
Counsel shall prepare the appropriate judgment for entry.
[1] Meanwhile, in October 1994, the Mesitis transferred their interest in the subject property by quit claim deed to their relatives, the Tedeschis, who are the plaintiffs in the present action.
[2] A review of the transcript reveals that Mesiti previously applied for, and was denied, a certificate from the Court Clerk to show that there had been no action on the court docket for a period of six years.